IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Walter Kouba,<br><br>  Plaintiff,<br><br>vs.<br><br>Renzenberger, Inc.; William M. Smith, individual; Phil Simco, individual; Karen M. Seitter, individual; and other unknown defendants,<br><br>  Defendants. | No. CIV 10-159 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss pursuant to FED.R.CIV.P.12(b)(2) filed by the defendants, William M. Smith, Phil Simco, and Karen M. Seitter, on March 22, 2010. [doc. #6] The plaintiff did not file a response.

The plaintiff, Albert Walter Kouba, filed this action for unpaid wages in violation of the Fair Labor Standards Act (FLSA) and sexual harassment. The defendants, Smith, Simco, and Seitter, are officers of the employing corporation and live in Kansas, California, and Missouri, respectively. (Defendants' motion, Exhibits A, B, C.) They move that the case against them be dismissed for lack of personal jurisdiction.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

The motion should be granted. The nonresident defendants do not have any contact with Arizona apart from their activities as corporate officers.

FACTUAL AND PROCEDURAL BACKGROUND

Kouba works as a shuttle driver for the defendant, Renzenberger. (Complaint, p. 3.) The defendants, Smith, Simco, and Seitter, are president, vice president, and executive vice president, respectively, of Renzenberger. *Id.*

In his complaint, Kouba claims Renzenberger failed to properly pay him for his overtime. *Id.*, p. 2-7. He also claims he was not properly paid for work performed before and after his driving shifts and for time spent on call. *Id.*, 7-14. He further claims he was sexually harassed by his supervisor, Jacqueline Myers. *Id.*, 14-20.

Kouba alleges he wrote a letter to his employer demanding his overtime wages and complaining of Myers' sexual harassment. *Id.*, p. 5. He alleges Seitter wrote him a letter admitting that he was owed $340 for overtime and offering to pay him $400 if Kouba signed a comprehensive release of liability. *Id.*

Kouba alleges the individual defendants benefitted indirectly from his poor treatment because they were able to "put the owed wages of PLAINTIFF in their own pockets for high wages . . . ." (Complaint, p. 14.)

On March 22, 2010, the individual defendants, William M. Smith, Phil Simco, and Karen M. Seitter, filed the instant motion to dismiss for lack of personal jurisdiction pursuant to FED.R.CIV.P.12(b)(2). [doc. # 6] Kouba did not file a response.

Standard of Review

The court will dismiss an action pursuant to Rule 12(b)(2) if the court lacks personal jurisdiction over the defendant. FED.R.CIV.P. In other words, the plaintiff must show that requiring a nonresident defendant to defend himself in this particular forum does not offend due process.

The Fair Labor Standards Act (FLSA) does not contain an explicit personal jurisdiction rule. *Langlois v. Deja Vu, Inc*., 984 F.Supp. 1327, 1333 (W.D.Wash. 1997). Accordingly, the plaintiff must show the forum state's long arm statute confers jurisdiction and the exercise of jurisdiction comports with federal due process. *Federal Deposit Insurance Corporation v. British-American Insurance Company, LTD*., 828 F.2d 1439, 1441 (9th Cir. 1987). Because the Arizona long arm statute extends jurisdiction to the maximum extent permitted by due process, only the due process analysis is necessary. *See Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 416 (9th Cir. 1997) ( If jurisdiction is proper according to the federal due process clause, it also comports with Arizona's long arm statute.).

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident [] defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 413-14 (1984) (internal punctuation removed). The defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The court may exercise either general or specific jurisdiction over a defendant. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). If the defendant maintains "substantial" or "continuous and systematic" ties to the forum, the court may assert general jurisdiction over the defendant. *Id*. Where the defendant's ties to the forum are not continuous and systematic, jurisdiction nevertheless may be proper if the defendant's ties to the forum are sufficient, and the suit arises out of these ties. *Id*. This is called specific jurisdiction. *Id*.

The plaintiff does not allege that the defendants' ties to the forum are "substantial" or "continuous and systematic." Accordingly, the court concentrates its inquiry on the test for specific jurisdiction.

Specific jurisdiction is proper under the following circumstances: "(1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

- 3 -

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). This is the general test for specific jurisdiction. It is applicable under most circumstances.

Under special circumstances, however, personal jurisdiction may be proper even where the defendant lacks all physical contacts with the forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). "[T]he Supreme Court has allowed the exercise of jurisdiction over a defendant whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." *Id.* In this situation, the defendant's ties to the forum are analyzed under the so-called "effects test," which is often employed when the underlying action is an intentional tort. *Id.* at 1485-86. Under the effects test, the defendant's contact with the forum arises from "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered -- and which the defendant knows is likely to be suffered -- in the forum state." *Id.* at 1486.

The plaintiff must ultimately prove by a preponderance of the evidence that personal jurisdiction may be properly asserted over the defendant. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 2 (9th Cir. 1977). If the determination of this issue requires the presentation of extensive testimony, the court may delay its final ruling until the trial itself. *Id.* In this situation, the plaintiff is allowed to survive the motion to dismiss as long as he can show a prima facie case for personal jurisdiction. *Id.*; *See also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 (9th Cir. 1998).

Discussion

1        The defendants' motion to dismiss for lack of personal jurisdiction should be granted.
2 The individual defendants are not domiciled in Arizona and do not have sufficient contacts with
3 the state for this court to exercise jurisdiction over them.

4        Smith, Simco, and Seitter are officers of a corporation that conducts activities in Arizona.
5 These corporate contacts, however, are not sufficient to permit the court to exercise jurisdiction
6 over them as individuals. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989);
7 *Pacific Cornetta, Inc. v. Jung*, 218 F.R.D. 250, 255 (D.Or. 2003); *Colt Studio, Inc. v. Badpuppy*
8 *Enterprise*, 75 F.Supp.2d 1104, 1111 (C.D.Cal. 1999); *see also* Wright & Miller, <u>Federal</u>
9 <u>Practice and Procedure</u>, Civil 3d § 1069.4. In order for the court to exercise personal
10 jurisdiction over these nonresident defendants, Kouba must show they have sufficient contacts
11 with the forum state in their individual capacities. He has not done this.

12        Kouba does not allege Smith or Simco conducted any activities in the forum state as
13 individuals. He alleges only that they must have profited indirectly from the company's failure
14 to pay him overtime wages because paying him less would enrich the company for which they
15 work. This is insufficient to support personal jurisdiction. *See Sidco Industries Inc. v. Wimar*
16 *Tahoe Corp.*, 768 F.Supp. 1343, 1349 (D.Or. 1991) ("The fact that a defendant is the sole
17 stockholder of a corporation is not sufficient to create personal jurisdiction over that
18 defendant.").

19        Kouba alleges that Seitter wrote him a letter attempting to resolve his FLSA overtime
20 claim. Seitter, however, wrote the letter on behalf of the corporation in her capacity as a
21 corporate representative. She was not acting in her individual capacity. Kouba has not shown
22 that Seitter conducted activities in the forum state in her individual capacity sufficient to support
23 personal jurisdiction.

24        The individual defendants have no contact with Arizona apart from their corporate
25 duties. This court may not exercise personal jurisdiction over them. *See Sidco Industries, Inc.*
26 *v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1349 (D.Or. 1991) ("A corporate officer who has
27 contact with a forum only in the performance of his official duties is not subject to the personal
28 jurisdiction of the courts in that forum."); *see also Sher v. Johnson*, 911 F.2d 1357, 1365 (9th

Cir. 1990) (California court had personal jurisdiction over Florida partnership that represented a California client but not over individual partner who traveled to California, made phone calls to California, and sent letters to California on behalf of the partnership.).

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

Granting the defendants' motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), FED.R.CIV.P. [doc. #6]

Pursuant to 28 U.S.C. §636 (b)(1), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the parties or their counsel.

DATED this 14th day of May, 2010.

*(signature)*
Glenda E. Edmonds
United States Magistrate Judge