IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Walter Kouba, | ) No. CIV 10-159 TUC FRZ (GEE) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Renzenberger, Incorporated; et al., | ) |
| Defendants. | ) |

Pending before the court is the defendant's second motion for summary judgment, filed on March 28, 2012.  (Doc. 181)

The defendant, Renzenberger, provides crew transportation for the railroad.  The plaintiff, Albert Walter Kouba, worked for Renzenberger as a driver.  In his complaint, Kouba brings claims for unpaid wages in violation of the Fair Labor Standards Act (FLSA) and for sexual harassment in violation of Title VII (42 U.S.C. §2000e-2(a)(1)).  In the instant motion, Renzenberger moves for summary judgment on Kouba's claim for overtime wages. Renzenberger argues it is entitled to summary judgment because it tendered to Kouba the maximum amount of damages that Kouba could collect on this claim.

The case was referred to Magistrate Judge Bowman for all pretrial matters pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the District of Arizona.

The overtime claim is now moot.  The motion therefore should be denied.

1

<u>Factual and Procedural Background</u>

2      The defendant, Renzenberger, provides crew transportation for the railroad.   The

3  plaintiff, Albert Walter Kouba, worked as a driver for Renzenberger from September 2008 to

4  September 2009.  (Doc. 92, p. 2)

5      In his complaint, Kouba claims he was not paid overtime in 2008, he was not paid for

6  pre-trip inspections, and he should have been paid "on-call" time when he was in the first or

7  second position on the trip board.   (Doc. 92, p. 3)  Kouba further claims he was sexually

8  harassed by his supervisor, Jackie Myers.  *Id*.

9      On February 18, 2011, Renzenberger filed its first motion for summary judgment.

10  Renzenberger moved for judgment on the merits on all claims except the overtime claim. On

11  the overtime claim, Renzenberger argued it was entitled to summary judgment only on the issue

12  of damages arguing Kouba could not prove he was entitled to more than $1,197 plus

13  prejudgment interest.  (Doc. 92, pp. 6-7, 16-17)  On February 6, 2012, the court granted

14  Renzenberger's motion except as to the on-call claim. (Docs. 146, 156)  The court agreed that

15  Kouba's damages on the overtime claim were limited to $1,197 plus prejudgment interest. *Id*.

16  The court remanded the on-call claim and the overtime claim for trial on the merits. *Id*.

17      On February 22, 2012, Renzenberger tendered to Kouba one check for $399,

18  representing his overtime wages, and one check for $1,273.87 representing statutory damages

19  and interest.  (Doc. 182, ¶ 7)

20      On March 28, 2012, Renzenberger filed its second motion for summary judgment (Doc.

21  181)  Renzenberger argues it is entitled to summary judgment on the overtime claim because

22  it tendered to Kouba the maximum amount of damages that Kouba could collect.  *Id*.

23      In his response to the motion, Kouba acknowledged receiving the two checks from

24  Renzenberger.  (Doc. 207, pp. 2-3)  He cashed the larger one (for $1,273.87) because he

25  believed it represented an admission of wrongdoing by Renzenberger.  *Id*.  He did not cash the

26  smaller check (for $399) because he did not want to "waive his right for a jury to decide the

27  facts." (Doc. 207, p. 4)

28

In its reply, Renzenberger reports that Kouba returned his $399.00 check asking that it be reissued without any withholdings for state or federal income tax. (Doc. 204-1, pp. 2-3) Renzenberger voided the original check and issued a second check without withholdings as requested. *Id*.

DISCUSSION

Based on the parties' representations, the court concludes Kouba's overtime claim is now moot. In other words, Kouba no longer has standing to raise his claim and this court is without jurisdiction to consider it. *See Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983) (The court is under a continuing duty to determine its jurisdiction even if the parties fail to raise the issue themselves.); Fed.R.Civ.P. 12(h)(3).

A party seeking to invoke the jurisdiction of the federal courts must, as a threshold matter, establish "standing" under Article III of the United States Constitution. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820-21 (9th Cir. 2002). "The 'core' or 'bedrock' elements of standing" are "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Id*. If a party lacks standing, he may not bring his suit in federal court. *Id*.

Mootness is a related term sometimes defined as "the doctrine of standing set in a time frame." *U. S. Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *American Cas. Co. of Reading, Pennsylvania v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994). When a case becomes moot, the party loses standing, the court loses jurisdiction, and the matter must be dismissed. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999). The court will not render advisory opinions. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004).

In this case, Renzenberger tendered payment for the maximum amount of damages that Kouba could receive. Even if Kouba won at trial, the court would be unable to award him

- 3 -

anything more than he has already been offered.  His claim is no longer "capable of legal or equitable redress." *Schmier*, 279 F.3d at 821.  His claim therefore is moot.  *See, e.g., Carter v. Veterans Admin.*,  780 F.2d 1479, 1481 (9th Cir. 1986) (FOIA action was moot when the defendant voluntarily mailed the requested documents to the plaintiff.);  *Griffith v. Sullivan*, 987 F.2d 25, 27 (1st Cir. 1993) (Appeal was moot after the defendant paid the plaintiff all the monetary damages he was entitled to recover.);  *Evans v. General Mechanical Corp.*, 2012 WL 1450107, 1 (M.D.Fla. 2012) ("FLSA claims are frequently mooted where an employer/defendant tenders 'full payment.'").

Kouba argues his rejection of Renzenberger's offer preserves his "right" to a trial on the merits.  He is incorrect.  The court has no jurisdiction over a claim that can no longer be redressed.  *See Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987) ("Our conclusion that this case is not justiciable answers a question . . . whether a plaintiff who is offered all the relief he demands may refuse the offer and go to trial.  The answer is no.");  *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) ("Horowitz' personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum.").

Kouba's overtime claim must be dismissed as moot.   Fed.R.Civ.P. 12(h)(3).  Renzenberger's motion for summary judgment should be denied accordingly.  Renzenberger's motion for summary judgment asks the court to make a ruling on the merits, which is something this court lacks the jurisdiction to do.  *See O'Donnell v. Wien Air Alaska, Inc.*, 551 F.2d 1141, 1145 (9th Cir. 1977) ("It is therefore error to rule on a summary judgment motion or any other matter going to the merits where a court determines that it lacks jurisdiction over the subject matter.").

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

DISMISSING Kouba's overtime claim as moot and

1    DENYING Renzenberger's second motion for summary judgment.  (Doc. 181)

2    Kouba's on-call claim remains for trial.

3    Pursuant to 28 U.S.C. §636 (b)(1), any party may serve and file written objections within

4 14 days of being served with a copy of this Report and Recommendation.  If objections are not

5 timely filed, they may be deemed waived.

6    The Clerk is directed to send a copy of this Report and Recommendation to the parties

7 or their counsel.

8    DATED this 5th day of July, 2012.

9

10

11                          Leslie A. Bowman
                            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          - 5 -